**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**WESTERN CAPITAL PARTNERS, LLC,**

      **Plaintiff,**

      **v.**                                     **Civil No. 2:06cv590**

**BROOKHOLLOW, LLC, et al.,**

      **Defendants.**

## OPINION & ORDER

      Presently before the Court are three motions submitted by Plaintiff Western Capital Partners, LLC ("Plaintiff"): (1) Motion to Strike Affirmative Defenses of Patricia Hersh, Hanh Dao, Helen Peterson, Trung Nguyen, and Toan Dang, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Motion to Strike"); (2) Motion to Dismiss Counterclaim of Hanh Dao, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss"); and (3) Motion for Summary Judgment against Defendants Willie Lee Peterson, Helen Peterson, James Nguyen, Hanh Dao, Trung Nguyen, Toan Dang, and Teddy Lee Burns, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Motion for Summary Judgment").  Plaintiff seeks early disposition and money damages resulting from the Defendants' alleged default on a promissory note executed on February 24, 2006.  As each individual Defendant has appropriately responded, these motions are ripe for resolution.  For the reasons stated herein, Plaintiff's Motion to Strike Affirmative Defenses alleging violations of federal and state Equal Credit Opportunity Act ("ECOA") laws is **DENIED**, although the Court will **STRIKE** the affirmative defenses as such, and **CONSTRUE** them as timely, well-pled counterclaims; the Motion to Dismiss Counterclaim is **DENIED**, and the Motion for Summary Judgment is **GRANTED**, but only with respect to

liability.  Thus, counterclaims by Defendants Patricia Hersh, Hanh Dao, Helen Peterson, and

Toan Dang alleging Plaintiff violated federal and state ECOA laws survive this Order.

Moreover, the affirmative defense of Defendant Trung Nguyen alleging Plaintiff violated the

ECOA is hereby designated a counterclaim that has not been dismissed.  Additionally,

determination of damages is inappropriate as several Defendants have raised questions of fact

concerning foreclosure proceedings that Plaintiff may be pursuing.  Accordingly, the Court

reserves judgment on damages payable to Plaintiff.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Facts

This case constitutes a relatively simple note-enforcement action.  On February 24, 2006,

the Defendants executed a promissory note ("the Note") in the amount of $3,600,000 due and

payable to Plaintiff on August 23, 2006.  In relevant part, the Note stated as follows:

> FOR VALUE RECEIVED, BROOKHOLLOW, LLC, a Virginia limited liability
> company; CRAIG H. HERSH, individually; PATRICIA A. HERSH, individually;
> WILLIE LEE PETERSON, JR., individually; HELEN O. PETERSON, individually;
> JAMES X. NGUYEN, individually; HANH DAO, individually; TRUNG NGUYEN,
> individually; TOAN DANG, individually; and TEDDY LEE BURNS, individually
> (jointly and severally referred to herein as "Borrower"), promises to pay to the order
> of Western Capital Partners LLC, a Colorado limited liability company, or order
> ("Lender") . . . the principal amount of Three Million Six Hundred Thousand and
> No/100ths Dollars ($3,600,000.00) . . . together with interest thereon from the date
> hereof as hereinafter provided.  Principal and interest shall be payable at the times
> hereinafter set forth until August 23, 2006 ("Maturity Date") . . . at which time the
> outstanding principal balance and all accrued interest shall be due and payable in
> full, without notice or demand.

Compl. Ex. A. at 1.  The Note, providing for joint and several liability, was executed by each

individually named borrower: (1) Craig H. Hersh, individually and as the spouse of Patricia A.

Hersh; (2) Patricia A. Hersh, individually and as the spouse of Craig H. Hersh; (3) Willie Lee

Peterson, Jr., individually and as the spouse of Helen O. Peterson; (4) Helen O. Peterson,

individually and as the spouse of Willie Lee Peterson, Jr.; (5) James X. Nguyen, individually and as the spouse of Hanh Dao; (6) Hanh Dao, individually and as the spouse of James X. Nguyen; (7) Trung Nguyen, individually and as the spouse of Toan Dang; (8) Toan Dang, individually and as the spouse of Trung Nguyen; and (9) Teddy Lee Burns, individually.

Having received no payment by the maturity date, Plaintiff, by counsel, made demand upon each individual Defendant via facsimile transmission to 1509 Romulus Place, Chesapeake, Virginia 23322, on September 28, 2006. Only Defendants Hanh Dao and James X. Nguyen claim to have never received demand.

Although the Defendants have made no voluntary payments on the Note, Plaintiff executed a foreclosure sale of unspecified secured assets on February 7, 2007, yielding proceeds of $1,438,453.10. Net of these proceeds, Plaintiff prays for $2,767,980.10 in principal, interest accrued thereon at the rate of 34% per annum,[1] and expenses and attorneys' fees amounting to $107,119.48.[2]

## B.    Procedural Posture

Plaintiff filed suit on October 23, 2006.[3] On November 27, 2006, James Nguyen filed an answer. On November 28, 2006, Patricia Hersh filed a counterclaim, which Plaintiff answered on December 19, 2006. Also on December 19, Willie Lee Peterson filed an answer. On January

---

[1] Interest compounded monthly on the basis of a 360-day year.

[2] Plaintiff seeks current expenses and attorneys' fees of $77,119.48, but expects to incur an additional $30,000 in attorneys' fees to pursue collection actions.

[3] Plaintiff also named Craig Hersh and Brookhollow, LLC, as defendants in the Complaint filed on October 23, 2006. However, the Court stayed the action as to Craig Hersh and Brookhollow on January 9 and 12, 2007, respectively, pending resolution of unrelated bankruptcy proceedings. Plaintiff's Motion for Summary Judgment does not seek judgment against Patricia Hersh, the spouse of Craig Hersh.

12, 2007, Hanh Dao filed a counterclaim, to which Plaintiff responded by filing an untimely Motion to Dismiss Counterclaim on February 8, 2007.[4]  On January 23, 2007, Teddy Lee Burns filed an answer.  On January 26, 2007, Helen Peterson filed a counterclaim, which Plaintiff answered on February 12, 2007.  Finally, on February 13, 2007, Trung Nguyen filed an answer containing affirmative defenses to the Complaint, while Toan Dang filed an answer and counterclaim.  On February 15, 2007, Plaintiff answered the counterclaim of Toan Dang, and filed the Motion to Strike now before the Court.  Defendants Hanh Dao, Trung Nguyen, Toan Dang, and Helen Peterson have each timely filed an opposition to the Motion to Strike.[5]

Plaintiff filed the Motion for Summary Judgment on March 7, 2007.  Hanh Dao and James Nguyen filed an opposition and motion for continuance on March 19, 2007.  Likewise, Willie Lee Peterson and Helen Peterson filed an opposition on March 19, 2007.  Trung Nguyen and Toan Dang filed an opposition on March 26, 2007.  Finally, Teddy Lee Burns filed an "answer" to this motion on March 27, 2007.[6]

## II.    MOTION TO STRIKE AFFIRMATIVE DEFENSES

---

[4] On February 15, 2007, Hanh Dao responded to Plaintiff's Motion to Dismiss Counterclaim.  Additionally, on this date, Plaintiff filed a Motion to Allow Late Pleading, acknowledging that its Motion to Dismiss Counterclaim was filed three days late.  Defendant Hanh Dao opposed the Motion to Allow Late Pleading on February 22, 2007.  The Court resolves this ancillary motion below in its disposition of the Motion to Dismiss.  See infra Part III.

[5] Defendant Patricia Hersh did not file a response or opposition to the Motion to Strike.

[6] In his Answer to Plaintiff's Motion for Summary Judgment, Defendant Teddy Lee Burns informed the Court of his belief that, as of March 27, 2007, Plaintiff had initiated foreclosure proceedings on real property located in Chowan County, North Carolina, that Mr. Burns pledged as collateral on the Note.  Mr. Burns does not dispute his personal liability on the Note, and only requests that the Court to delay entry of summary judgment against him "until after the proceeds of the sale of his real property are accounted for and applied to his balance due under the Note."  Burns Ans. to Mot. Summ. J. at 2.

The first issue to be resolved by the Court concerns Plaintiff's Motion to Strike Affirmative Defenses of Patricia Hersh, Hanh Dao, Helen Peterson, Trung Nguyen, and Toan Dang.  For the reasons that follow, the Court designates the affirmative defenses—based on Plaintiff's alleged violations of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq., and its counterpart under Virginia law, Va. Code Ann. §§ 59.1-21.20 et. seq.—as counterclaims, and hereby **STRIKES** the affirmative defenses *qua* affirmative defenses.  Thus, the language of the Defendants' ECOA-based affirmative defenses survive and will be **CONSTRUED** as well-pled compulsory counterclaims, in accordance with the law articulated in CMF Virginia Land, L.P. v. Brinson, 806 F. Supp. 90 (E.D. Va. 1992).

### A.     Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A movant must file a motion to strike before responding to the pleading or, if no responsive pleading is permitted, within twenty days after service of the pleading. Id.  The court may also move to strike on its own initiative at any time. Id.

### B.     Analysis

The principal question before the Court on the Motion to Strike is whether the ECOA (and its state counterpart) may be used as an affirmative defense against an underlying debt whose execution allegedly violated the ECOA.  Defendants Patricia Hersh, Hanh Dao, Helen Peterson, Trung Nguyen, and Toan Dang each assert an affirmative defense under the federal ECOA, 15 U.S.C. §§ 1691, et seq., and the Virginia counterpart, Va. Code Ann. §§ 59.1-21.20,

et seq.[7]  The ECOA prohibits creditors from "discriminat[ing] against any applicant . . . on the basis of race, color, religion, national origin, sex or marital status, or age."  15 U.S.C. § 1691(a); Va. Code Ann. § 59.1-21.21:1(A)(1).  Pursuant to the ECOA, the Federal Reserve Board promulgated the following regulation: "[A] creditor shall not require the signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested."  12 C.F.R. § 202.7(d)(1) (2007).

Defendants Patricia Hersh, Hanh Dao, Helen Peterson, and Toan Dang are the female spouses of individuals employed by or affiliated with the corporate entity for which the Note was intended to benefit, Brookhollow, LLC.  Although these four Defendants do not deny executing the Note, they claim to have never been employees, officers, directors, members, or otherwise affiliated with Brookhollow, LLC.  The Defendants further allege that they never applied for credit from Plaintiff, never provided personal financial statements to Plaintiff for the purpose of securing credit, and derived no benefit from the Note.  Consequently, the Defendants argue that conditioning the loan upon their marital status and spousal guarantees violated federal and state ECOA laws, rendering the Note unenforceable against them.  Trung Nguyen, by contrast, is not a spouse of a person affiliated with Brookhollow, LLC, and "acknowledges that he is liable on the Note."  Nguyen & Dang Opp. Mot. Summ. J. at 2 n.3.  However, he asserts the ECOA affirmative defense on the basis that his wife, Toan Dang, was unlawfully required to cosign the Note, thereby rendering the debt obligation void.

---

[7] Defendants Patricia Hersh, Hanh Dao, Helen Peterson, and Toan Dang also rely upon the federal and state ECOA in their respective counterclaims filed against Plaintiff.  Only Trung Nguyen invokes the ECOA exclusively as an affirmative defense.

Plaintiff moves to strike the ECOA affirmative defense on the ground that "neither [federal or state ECOA] claim is available to defendants as an affirmative defense." Pl.'s Mot. Strike at 2. The ECOA, Plaintiff asserts, "sets forth the civil liability that may befall a creditor who fails to comply with the Equal Credit Opportunity Act." Id. While the statute provides a remedy—a civil action for damages, punitive damages not to exceed $10,000, attorneys' fees or injunctive relief—it does not create an affirmative defense. Additionally, Plaintiff maintains that the Virginia ECOA is inapposite because the Note sought to be enforced contains a choice of law clause identifying Colorado law as governing any legal disputes that arise. Id. at 4.

The Court agrees with Plaintiff's position and finds that the ECOA does not afford relief by way of an affirmative defense. The issue has been raised and resolved as a matter of law by several courts within this federal jurisdiction. In a 1992 published opinion authored by Judge Richard L. Williams of the United States District Court of the Eastern District of Virginia, the Court held that "'[t]here is no authority, in statutory language or case law, for the proposition that a violation of the ECOA renders an instrument void.'" Id. at 95 (quoting Diamond v. United Bank & Trust, 776 F. Supp. 542, 544 (N.D. Okla. 1991)). The Court found "[t]his conclusion . . . buttressed by the ECOA's express statutory scheme," which, "by its own terms, sets forth the contemplated remedy under the statute . . . ." CMF Virginia Lands, 806 F. Supp. at 95. "Nowhere does [the ECOA] afford relief by way of an affirmative defense. A counterclaim certainly can be premised upon a violation of the ECOA, but such a violation cannot be alleged to avoid basic liability on the underlying debt." Id. Consequently, the defendants in CMF Virginia Land were "entitled to employ the ECOA *only to assert a counterclaim*, not a defense." Id. (emphasis added).

The purpose of the ECOA reinforces the Court's decision: "'The purpose of the ECOA

is to eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit.'"  Id. at 96 (quoting Anderson v. United Finance Co., 666 F.2d 1274, 1277 (9th Cir. 1982)).  Prior to its enactment, "it was customary for lenders to require the guarantee signature of husbands whose wives sought credit, even when a credit check would have revealed that the wife was creditworthy on her own."  CMF Virginia Lands, 806 F. Supp. at 96.  Although the ECOA was enacted to prevent discrimination against married women seeking credit, in this case, as in CMF Virginia Lands and "many recent cases brought under the ECOA," the Defendants "invoke the ECOA when the lender requires the[] wives' signatures as co-guarantors on a loan instrument."  Id. (footnote omitted).  Like Judge Williams, this Court is "averse to rendering void [the Note] whose execution violated the ECOA in a manner not expressly targeted by the statute."  Id.  This "approach is appropriate in all cases where the ECOA is improperly interposed as an affirmative defense."  Id.

A similar conclusion was reached by Judge James C. Cacheris in Riggs National Bank of Washington, D.C. v. Lynch, 829 F. Supp. 163 (E.D. Va. 1993).  As in this case, the issue in Riggs was "whether guarantors of a promissory note can raise the ECOA as an affirmative defense in an action to collect on a defaulted note."  Id. at 165.  The Court ultimately held that "parties can assert the ECOA as an affirmative cause of action to recover damages against a lender, *but cannot assert the ECOA as an affirmative defense to the underlying debt*."  Id. (emphasis added).  Relying upon both Diamond and CMF Virginia Land, Judge Cacheris stated as follows:

> [T]he ECOA cannot be asserted as an affirmative defense.  There is no express or implicit language in the ECOA that grants this Court the "sweeping power" to invalidate the underlying guaranty in this case.  "Invalidation of the debt is a remedy

too drastic for the Court to implement simply by reading between the lines of the ECOA."

Id. at 169 (quoting CMF Virginia Lands, 806 F. Supp. at 95).

In view of the foregoing, the Court finds that Defendants Patricia Hersh, Hanh Dao, Helen Peterson, Trung Nguyen, and Toan Dang may not invoke the ECOA as an affirmative defense to avoid liability on the unpaid Note. Accordingly, the Court **STRIKES** the Defendants' affirmative defenses invoking federal and state ECOA laws, but only as such. This finding does not foreclose the Defendants' opportunity to state an ECOA counterclaim. In fact, four of these five Defendants have already asserted such a claim against Plaintiff. As in CMF Virginia Lands, "this Court does not wish to deny the defendants the opportunity to put on proof of damages by way of recoupment," and the surviving counterclaims "afford[] the defendants the opportunity to do just that." CMF Virginia Lands, 806 F. Supp. at 97. Thus, the Court will **CONSTRUE** the stricken affirmative defenses as well-pled compulsory counterclaims against Plaintiff. This remains so for Trung Nguyen, who has not filed any counterclaim under the ECOA. Pursuant to CMF Virginia Lands, the Court will "[r]ealign[] the affirmative defense as a compulsory counterclaim, thus giving the defendant[] an opportunity at trial to prove an ECOA violation and [his] entitlement to whatever damages are due [to him] because of such violation."[8] Id. at 95. Any damages for which the Defendants may be liable to Plaintiff on the defaulted Note may be mitigated by any offsetting damages the Defendants might prove at trial on their surviving ECOA counterclaims. See id.

## III.   MOTION TO DISMISS COUNTERCLAIM

---

[8] At this time, the Court reserves ruling on whether "male defendants have standing to assert a violation of the ECOA when their lender allegedly breached the ECOA by requiring their wives' signature on the" promissory note. CMF Virginia Lands, 806 F. Supp. at 96 n.4.

Plaintiff next moves to dismiss the counterclaim of Hanh Dao for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff admittedly filed this motion subject to defect, and, consequently, filed a related Motion to Allow Late Pleading.  Defendant Hanh Dao filed a response to both motions, arguing against the latter on the grounds that allowing Plaintiff's late filing would be unfairly prejudicial.  To support this claim, however, Defendant Hanh Dao offers nothing more than a conclusory statement.  As such, the Court finds no harm in resolving the untimely motion on the merits, **GRANTS** Plaintiff's Motion to Allow Late Pleading, and hereby deems the Motion to Dismiss timely filed *nunc pro tunc* February 5, 2007.  However, the Court finds no merit in Plaintiff's claim that Defendant Dao failed to state a counterclaim upon which relief may be granted.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Dismiss.

### A.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits any defendant to a complaint, counterclaim, or cross-claim to move for dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To prevail on this motion, the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102 (1957); accord Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (holding that granting a 12(b)(6) motion is appropriate where "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief").  Because a 12(b)(6) motion is intended to resolve the merits of a claim or applicability of defenses, it should be granted only "in very limited circumstances."  Rogers v. Jefferson-Pilot Ins. Co., 883 F.2d 324, 325 (4th Cir. 1969).  The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but

whether the non-movant is entitled to offer evidence to support his or her claims.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974).

In deciding this motion, the court must accept the non-movant's well-pled factual allegations in the complaint as true, and construe the pleadings, facts, and all reasonable inferences in the light most favorable to the non-movant.  Allbright v. Oliver, 510 U.S. 266, 268, 114 S. Ct. 807, 810 (1994); Ibarra v. United States, 120 F. 3d 472, 474 (4th Cir. 1997). However, a court need not assume the truth of legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986).  Courts will not dismiss a claim on a Rule 12(b)(6) motion merely because the complaint requests inappropriate relief or mischaracterizes the relevant legal theories.  See Bowers v. Hardwick, 478 U.S. 186, 201, 106 S. Ct. 2841, 2849 (1986) (Blackmun, J., dissenting) ("[A] complaint should not be dismissed merely because a [non-movant's] allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory.") (citations omitted).

B.     Analysis

Plaintiff seeks dismissal of Defendant Dao's counterclaim because she does not allege that she is "within the class of debtors entitled to relief under either federal or state ECOA." Pl.'s Mot. Dismiss at 2–3.  Defendant Dao responds by stating that her counterclaim "does set forth facts to support a claim under both the federal and state [ECOA] due to discrimination . . . based upon her marital status which is a protected class pursuant to 15 U.S.C. § 1691(a)."  Dao's Resp. Mot. Dismiss at 1.  To support this claim, Defendant Dao points to Paragraph 5 of her counterclaim, which avers that "Hanh Dao holds no ownership or *marital rights* in any of the real property, personalty, or other interests pledged as collateral security for

11

[Plaintiff's] loan to Brookhollow, LLC." Dao's Countercl. ¶ 5 (emphasis added).

Although Defendant Dao's counterclaim is not drafted to perfection, it is sufficiently clear to meet the notice pleading requirements of federal civil procedure. Certainly, Defendant Dao could have been more explicit in alleging that Plaintiff violated the ECOA by discriminating against her on the basis of marital status. In fact, three other Defendants have asserted such an ECOA claim in a more concise and unambiguous manner. Defendant Dao would be wise to examine the form and content of such counterclaims alleging this cause of action. Nevertheless, the Court has no doubt that Plaintiff has been placed on notice of the nature and character of Defendant Dao's counterclaim. This is particularly evident in light of Plaintiff's Motion to Strike, which was explicitly intended to challenge Defendant Dao's affirmative defense based on the marital status provisions of the ECOA—the very same legal theory constituting the counterclaim that Plaintiff moves to dismiss. Plaintiff cannot reasonably expect to reveal to the Court its full understanding of Defendant Dao's ECOA affirmative defense, but then seek dismissal of the ECOA counterclaim on the grounds that it fails to state a claim. To permit as much would be to allow Plaintiff to have the proverbial cake and eat it too.

The Federal Rules of Civil Procedure require that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e)(1). Moreover, "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f). As Plaintiff has manifested its understanding and notice of the true nature and character of Defendant Dao's counterclaim, the Court finds little value in granting Plaintiff's Motion to Dismiss, only to allow Defendant Dao leave to amend the counterclaim and delay the speedy resolution of this case. Construing all reasonable inferences in the light most favorable to the claimant, the Court finds that Defendant Dao's counterclaim sufficiently states a cause of

action based on the federal and state ECOA laws.  Accordingly, the Court **DENIES** Plaintiff's

Motion to Dismiss.

## IV.   MOTION FOR SUMMARY JUDGMENT

Plaintiff's finally seeks summary judgment against Defendants Willie Lee Peterson,

Helen Peterson, James Nguyen, Hanh Dao, Trung Nguyen, Toan Dang, and Teddy Lee Burns.

For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, but

only with respect to liability.  The Court reserves ruling on the issue of damages pending

resolution of the Defendants' counterclaims, and the completion of any foreclosure sales

initiated by Plaintiff.

### A.   Motion for Summary Judgment (Rule 56)

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted

where "the pleadings, depositions [and] answers to interrogatories . . . show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law."  "The purpose of summary process is to avoid a clearly unnecessary trial," Continental

Can Co. v. Monsanto Co., 948 F.2d 1264, 1265 (Fed. Cir. 1991) (citing Matsushita Elec. Indus.

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)), and "it is not designed to substitute

lawyers' advocacy for evidence, or affidavits for examination before the fact-finder, when there

is a genuine issue for trial."  Continental Can Co., 948 F.2d at 1265.

In ruling on a motion for summary judgment, a court views the facts in the light most

favorable to the non-moving party.  United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).  The

moving party has the threshold burden of informing the court of the basis of the motion, of

establishing that there is no genuine issue of material fact, and of showing that it is entitled to

judgment as a matter of law.   Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552

(1986); see also Castillo v. Emergency Med. Assoc., 372 F.3d 643, 646 (4th Cir. 2004).

Once the moving party satisfies this threshold showing under Rule 56(c), the burden of production, not persuasion, shifts to the non-moving party.  Celotex Corp. v. Catrett, 477 U.S. at 322–23, 106 S. Ct. at 2552.  The non-movant must "go beyond the pleadings and by [his] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324, 106 S. Ct. at 2553. "The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322, 106 S. Ct. at 2552.  Thus, to defeat summary judgment, the non-movant must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that a genuine issue of material fact exists.  See id. at 324, 106 S. Ct. at 2553.

**B.**      **Applicable Law and Essential Elements**

To support the Motion for Summary Judgment, Plaintiff relies exclusively upon an affidavit by William C. Beamer, the Portfolio Manager at Western Capital Partners responsible for managing the Note in dispute.  Mr. Beamer testifies that "each of the Defendants executed a Promissory Note . . . in the original principal amount of $3,600,000.00," that Plaintiff "is the present holder of the Note," and that the "Defendants are in default in payment due under the Note."  Beamer Aff. ¶¶ 3–6.

Plaintiff has neither identified the essential elements of its claim, nor informed the Court which body of law controls.  In its Motion to Strike, resolved supra, Plaintiff states that the substantive law of Colorado governs any dispute arising under the Note.  Pl.'s Mot. Strike at 4. The Note itself, submitted by Plaintiff as an attachment to the Complaint, confirms such a choice

14

of law clause, providing as follows:

> The terms and provisions of this Note are intended to be and shall be governed, interpreted and construed pursuant to the laws of the state of Colorado applicable to promissory notes made in Colorado.

Complaint Ex. A at ¶ 12.  "[T]he Supreme Court has consistently accorded choice of forum and choice of law provisions presumptive validity . . . ."  Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9, 92 S. Ct. 1907 (1972)).  "But the presumption of enforceability that forum selection and choice of law provisions enjoy is not absolute and, therefore, may be overcome by a clear showing that they are unreasonable under the circumstances."  Id. (quotations omitted).  A choice of law provision may be found unreasonable if (1) its formation was induced by fraud or overreaching; (2) the complaining party will be deprived of his day in court because of inconvenience or unfairness; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) its enforcement would contravene public policy of the forum state.  Id. (quotations omitted).

No party has challenged the choice of law provision contained in the Note for purposes of this Motion for Summary Judgment, and the Defendants have not alleged that the application of Colorado law contravenes public policy or produces fundamental unfairness.  Accordingly, the Court accords presumptive validity to the disputed Note's choice of law provision and will look to the substantive law of Colorado to determine the essential elements of Plaintiff's claim.[9]

"In Colorado, the elements for a breach of contract claim are: (1) existence of a contract;

---

[9] The Court limits the application of Colorado law to Plaintiff's breach of contract claim, and makes no finding as to the law governing any unresolved and outstanding counterclaims filed by the Defendants.  Moreover, to the extent that the laws Virginia and Colorado concerning breach of contract (promissory note) are materially identical, this finding has little bearing on the Court's substantive conclusions.

(2) performance by plaintiff or some justification for nonperformance; (3) failure to perform the contract by defendant; and (4) damages to plaintiff." Giannola v. Aspen/Pitkin County Hous. Auth., 165 Fed. App'x. 661, 664 (10th Cir. 2006) (citing W. Distrib. Co. v. Diodosio, 841 P.2d 1053, 1058 (Colo. 1992)). The plaintiff seeking recovery bears the burden of proving the elements of the claim. W. Distrib. Co., 841 P.2d at 1058.

### C.   Analysis

In view of the legal framework identified above, summary judgment is appropriate if Plaintiff has established that (1) a contract existed between Plaintiff and the Defendants; (2) Plaintiff performed on the contract; (3) the Defendants failed to perform; and (4) Plaintiff suffered harm as a result of the nonperformance. Each Defendant has responded to Plaintiff's Motion for Summary Judgment. If any single Defendant raises a question of fact as to any one of these elements, summary judgment is inappropriate as to that Defendant. Although the respective defenses and opposition of the Defendants will be examined in turn, the Court finds no dispute as to a material fact regarding the Defendants' liability to Plaintiff on the unpaid Note. However, because questions of fact exist concerning the scope and extent of damages, the Court reserves ruling only on the issue of damages pending resolution of the Defendants' counterclaims, and the completion of any foreclosure sales initiated by Plaintiff.

### 1.   Teddy Lee Burns

Summary judgment against Teddy Lee Burns is appropriate. In his response to Plaintiff's motion, Mr. Burns concedes that he "has no defense in law or fact to his liability under the Promissory Note on which the Plaintiff brings this action." Burns Ans. Mot. Summ. J. at 1. Mr. Burns only asks the Court to "delay the entry of Summary Judgment against him until after the proceeds of the sale of his real property are accounted for and applied to his balance under the

Note." Id. at 2.

Mr. Burns has failed to show a genuine dispute of any material fact relating to the essential elements of Plaintiff's claim concerning liability.  As the Note provides that the Defendants are jointly and severally liable on the Note, the Court finds little value in granting Mr. Burn's request to delay entry of judgment until the completion of any foreclosure sales that Plaintiff may be currently pursuing.  The proceeds, if any, realized by Plaintiff from the sale of secured property may certainly reduce the monetary value of Mr. Burns' liability to Plaintiff. However, any pending sale is of no consequence to the legal findings of the Court regarding liability.  Accordingly, the Court **GRANTS** Plaintiff's Motion for Summary Judgment against Teddy Lee Burns, but only with respect to liability.  The Court reserves ruling on the question of damages until the precise amount of damages may be determined.

### 2.    Willie Lee Peterson and Helen Peterson

Defendants Willie Lee and Helen Peterson oppose the Motion for Summary Judgment on four grounds: (1) Plaintiff has not fully foreclosed on the collateral, or applied the proceeds thereof, used to secure the Note; (2) the damage calculation unlawfully uses a 34% rate of interest that is tantamount to a penalty; (3) summary judgment is inappropriate where pending defenses and counterclaims may negate the judgment sought; and (4) the facts are insufficiently developed to grant summary judgment.  Peterson's Br. Opp. Mot. Summ. J. at 1.  Although such defenses are pertinent to the question of damages, they do not refute Plaintiff's allegations and evidence beyond the pleadings concerning liability.  As such, summary judgment is warranted.

Defendants Willie Lee and Helen Peterson do not dispute any material element of Plaintiff's claim to avoid liability on the Note.  They do not challenge the existence of a

17

contract,[10] Plaintiff's performance on the contract, their own nonperformance (i.e., nonpayment) on the contract, or Plaintiff's alleged harm resulting from their nonperformance. They do, however, dispute the scope of Plaintiff's injury—an issue relating directly to the damages ultimately payable to Plaintiff. The Court acknowledges that questions of fact exist at this time to prevent a determination of relief to be accorded Plaintiff. Indeed, as Defendants Willie Lee and Helen Peterson assert, collateral remains to be sold by Plaintiffs that may satisfy the unpaid Note.[11] Moreover, Defendant Helen Peterson has asserted an ECOA counterclaim that may reduce or wholly eliminate her liability to Plaintiff. Finally, the Defendants' assertion that the applicable interest rate of 34% constitutes an unlawful penalty warrants further factual examination. Thus, questions of collateral, counterclaims, and interest preclude this Court from arriving at a damage award on summary judgment.

No such complications exist as to the question of liability, however. Defendants Willie Lee and Helen Peterson have not gone "beyond the pleadings" to "designate specific facts

---

[10] In her Answer, Defendant Helen Peterson alleges that the Note is unenforceable "due to failure of consideration." Ans. of Helen Peterson at ¶ 23. Such a claim challenges the very existence of a lawful contract. However, she has not developed such an allegation by showing, beyond the pleadings, that some benefit, profit, or interest did not accrue to her by virtue of Plaintiff's disbursement of the Note proceeds. By contrast, Plaintiff has shown, beyond the pleadings and by affidavit, that it disbursed to the Defendants loan proceeds in the amount of $3,600,000.00. Ms. Peterson now only disputes the lawfulness of Plaintiff's actions under the ECOA (surviving as a counterclaim), as well as the extent of damages to which Plaintiff is entitled. Accordingly, the Court finds Defendant Helen Peterson's unsupported allegation that the Note fails for want of consideration insufficient to preclude a finding of liability on summary judgment.

[11] Plaintiff has not filed any documentation to this Court responding to the Defendants' allegation that secured assets remain to be foreclosed upon in satisfaction of the Note. To the extent that the Defendants' testimony concerning unsold collateral remain unopposed, the Court accepts it. The Court expects Plaintiff to address this issue at some future time, and inform the Court what foreclosure sales, if any, are pending, anticipated, or completed.

showing that there is a genuine issue for trial."  The Defendants' assertion that summary

judgment is inappropriate when unresolved counterclaims remain is unsupported by law.  See,

e.g., CMF Virginia Land, 806 F. Supp. at 95.  As the essential elements to establish liability on

Plaintiff's claim are not in dispute, the Court **GRANTS** Plaintiff's Motion for Summary

Judgment against Defendants Willie Lee and Helen Peterson with respect to liability.  The Court

reserves ruling on damages.

3.    James Nguyen and Hanh Dao

Defendants James Nguyen and Hanh Dao file separate, but virtually identical, responses

opposing Plaintiff's Motion for Summary Judgment.  Both offer the following four grounds to

deny summary judgment: (1) Plaintiff failed to give notice of default and demand for payment to

them; (2) Plaintiff "has not established that the Note is in default according to its terms;" (3)

Plaintiff "has not substantiated its assertions regarding default, its damages or its attorney's

fees;" and (4) Defendants Nguyen and Dao need time to conduct discovery regarding Plaintiff's

allegations of default and to account for Plaintiff's claimed damages, expenses, and fees.  James

Nguyen Opp. Mot. Summ. J. at 1; Hanh Dao Opp. Mot. Summ. J. at 1.  Additionally, Defendant

Hanh Dao asserts that her ECOA counterclaim renders summary judgment inappropriate.[12]

Notwithstanding these objections, the Court finds no question as to any material fact concerning

the Defendants' liability to Plaintiff on the unpaid Note.  As such, summary judgment is

appropriate.

---

[12] Defendant Dao relies upon her "Affirmative Defenses and a Counterclaim [alleging Plaintiff] . . . violated the federal Equal Credit Opportunity Act . . . and its [state] counterpart." Hanh Dao Opp. Mot. Summ. J. at 2.  To the extent that the Court has granted Plaintiff's Motion to Strike Affirmative Defenses based on the ECOA, the Court recognizes only Defendant Dao's counterclaim resting on the ECOA.

Defendants Nguyen and Dao first oppose summary judgment on the ground that the "notice of default/demand letter [from Plaintiff] was not addressed to [them], nor does it contain [their] address or . . . fax number."  James Nguyen Aff. ¶ 1; Dao Aff. ¶ 1.  Consequently, they claim to have never received notice of default or demand for payment from Plaintiff.  The merit of this assertion rests on the assumption that Plaintiff was required to give notice or demand to the Defendants before it could lawfully pursue recovery on the defaulted Note.  Such an assumption is misplaced.

The terms of the Note expressly provide that, on August 23, 2006, "the outstanding principal balance and all accrued interest shall be due and payable in full, *without notice or demand*."  Complaint Ex. A at 1 (emphasis added).  Moreover, the terms of default contained in the Note provide as follows:

> Upon failure to make the payment of any sum due hereunder when due or if Borrower shall default under any of the Loan Documents or if Lender, in its sole and absolute discretion, believes that it is insecure under this Note, the entire unpaid principal amount hereof, together with all accrued interest, shall, at the option of Lender *without notice or demand*, become immediately due and payable *without notice* and thereafter interest shall accrue at the Default Rate.

Id. at 3 (emphasis added).  Finally, the Note provides that "Borrower, endorser, sureties, guarantors and all persons who may become liable for all or any part of this obligation severally waive presentment for payment, protest and demand, and notice of protest, demand, dishonor and nonpayment."  Id. at 4.  Thus, the unequivocal language of the Note forecloses the Defendants' right to notice or demand.

In Colorado, notice is required only where provided.  It is a "long established principle that a demand on the maker [of a note] is not essential to an action against him, and is only a prerequisite to the enforcement of the liability of some third person who stands in the relation of

indorser, guarantor, or surety for the maker's performance." Erdman v. Hardesty, 60 P. 360, 361 (Colo. App. 1900). Similarly, where a promissory note provided for the acceleration in default of installments or interest payments, the maker is not entitled to notice of demand unless the contract so provides. See, e.g., Hendron v. Bolander, 74 P.2d 706, 708 (Colo. 1937). Quite simply, "the instrument becomes overdue on the day after the due date." Colo. Rev. Stat. § 4-3-304(b)(2). As Defendant Nguyen and Dao were not entitled to notice or demand, this assertion does not overcome summary judgment.

Defendants Nguyen and Dao next contend that Plaintiff has not established that the Note is in default according to its terms. However, they offer no evidence beyond the pleadings to support this bald assertion, and have not challenged Plaintiff's sworn affidavit by claiming that the Note has been paid or otherwise satisfied. Without some evidence beyond the pleadings to refute Plaintiff's evidence of non-payment, the Defendants cannot avoid summary judgment. Because the Defendants have not satisfied the Note, and have asserted no viable affirmative defense, the Court finds no dispute as to the material fact that Defendants James Nguyen and Hanh Dao are in default on the Note.

The remaining objections by Defendants Nguyen and Dao concerning the uncertainty of damages are also inadequate to avoid summary judgment. As questions of fact exist as to the determination of damages, the Court reserves ruling on this matter until additional fact-finding may be had. Likewise, Defendant Hanh Dao's assertion that summary judgment is inappropriate in light of her unresolved ECOA counterclaim finds no support in law. See, e.g., CMF Virginia Lands, 806 F. Supp. at 95. Accordingly, for the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment against Defendants James Nguyen and Hanh Dao, but only as to their liability on the defaulted Note. The Court makes no decision on damages.

4.      Trung Nguyen and Toan Dang

_____Finally, Defendants Trung Nguyen and Toan Dang, filing a joint brief in opposition to summary judgment, oppose early disposition of Plaintiff's claim on the sole ground that summary judgment is inappropriate when Defendant Toan Dang's ECOA counterclaim remains unresolved.  In essence, the Defendants rely on the same arguments they offer against Plaintiff's Motion to Strike, which this Court granted supra.  As noted, no law supports the proposition that summary judgment is unavailable on a note enforcement action when a separately filed ECOA counterclaim remains outstanding.  This very issue is rejected in CMF Virginia Lands, wherein the Court granted the plaintiff's motion for summary judgment while allowing the defendants' ECOA counterclaim to proceed and possibly offset the plaintiff's recoverable damages.  CMF Virginia Lands, 806 F. Supp. at 95.  This Court adopts the same reasoning without exception.  As Defendants Trung Nguyen and Toan Dang have not raised a question of material fact, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, but only on the question of liability.  A determination of damages will follow at some future time.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Strike, but **STRIKES** the Defendants' affirmative defenses based on the ECOA *qua* affirmative defenses, and **CONSTRUES** such affirmative defenses as well-pled compulsory counterclaims.  Additionally, the Court **DENIES** Plaintiff's Motion to Dismiss, and **GRANTS** Plaintiff's Motion for Summary Judgment with respect to liability.  The Court declines to make any decision on damages, as questions of fact remain on this matter.  Surviving this opinion are the counterclaims of Defendants Patricia Hersh, Hanh Dao, Helen Peterson, Trung Nguyen, and Toan Dang, based on federal and state ECOA laws.  Moreover, the Defendants have raised a question of fact

regarding the Plaintiff's pending or expected foreclosure on collateral used to secure the Note.

Until such questions are resolved, the Court makes no determination of damages owing to

Plaintiff resulting from the breach.

_____The Clerk of the Court is **DIRECTED** to mail and fax a copy of this Opinion and Order

to all counsel of record.

        **IT IS SO ORDERED.**

_____/s/_____

Robert G. Doumar
UNITED STATES DISTRICT JUDGE

April 19, 2007
Norfolk, Virginia